851 F.2d 356
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard Kenneth BIDDLE, Jr., Defendant-Appellant.
 No. 86-5598.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 24, 1988.
Decided: July 5, 1988.
 
 Nancy L. Cook, American University, for appellant.
 Charles Fried, Solicitor General; William F. Weld, Assistant Attorney General; Thomas E. Booth, United States Department of Justice, for appellee.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case was originally brought under 18 U.S.C. 13 and N.C.Gen.Stat. Sec. 274(a)(1).[1] Following his guilty plea in the district court for the Western District of North Carolina, Bernard Biddle was convicted of committing a sexual act with a child under 12 years of age and sentenced to life imprisonment. This Court affirmed the conviction and sentence in United States of America v. Biddle, No. 86-5598, June 16, 1987 (4th Cir. unpublished).
 
 
 2
 On February 22, 1988, the Supreme Court granted certiorari in this case, vacated our earlier judgment, and remanded "for further consideration in light of the position presently asserted by the Solicitor General in his brief filed January 11, 1988." We have reviewed the Solicitor General's brief and now vacate our previous decision and remand to the district court for dismissal.
 
 
 3
 In his petition for grant of certiorari, Biddle contended that the district court did not have jurisdiction under 18 U.S.C. Sec. 13 over the offense allegedly committed by Biddle, who is an Indian, against another Indian on the Cherokee Indian Reservation. The Solicitor General agreed with this view, contending that an Indian committing a crime against another Indian could be charged in federal court, if at all, only under 18 U.S.C. Sec. 1153.[2] We now find this view persuasive.[3]
 
 
 4
 Because Biddle, an Indian, is charged with committing a crime against another Indian, in Indian country, he must be charged in federal court, if at all, only under 18 U.S.C. Sec. 1153. The district court therefore lacked jurisdiction. Accordingly, we vacate our previous judgment and reverse Biddle's conviction without prejudice to recharging him under 18 U.S.C. Sec. 1153 if that statute is applicable to any of his conduct.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 [1]
 Section 13 provides, in relevant part, that whoever, within the special maritime and territorial jurisdiction of the United States (as defined in 18 U.S.C. 7), is guilty of an act or omission which, although not made punishable by any enactment of Congress, would be punishable "if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated," is guilty of a criminal offense
 
 
 [2]
 Except for the offenses enumerated in 18 U.S.C. Sec. 1153, all crimes committed by enrolled Indians against other Indians within Indian country are subject to the jurisdiction of tribal courts. United States v. Antelope, 430 U.S. 641 (1977)
 
 
 [3]
 Indeed, this Court has recently held in United States v. Welch, 822 F.2d 460 (4th Cir.1987), that 18 U.S.C. Sec. 13 does not apply to crimes committed by one Indian against another Indian in Indian country and cases with this factual predicate must involve one of the offenses set forth in 18 U.S.C. Sec. 1153 in order for the district court to have jurisdiction. Biddle, unlike the defendant in Welch, did not raise this jurisdictional issue either to the district court or this Court